# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>        Plaintiff,<br><br>    v.<br><br>O. A. OGAN, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-00286-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 6] |

Plaintiff Azhar Lal is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 16, 2018, Plaintiff filed a motion seeking the appointment of counsel. In support, Plaintiff declares that he is unable to afford counsel, has limited ability to litigate due to his imprisonment, that his case is complex, that he has limited law library access, and that he has requested help from Armstrong & Coleman Representatives, but they are not helping him.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases alleging inadequate medical care and retaliation almost daily. Further, the court has not yet screened Plaintiff's complaint, and has not yet determined whether he has any cognizable claims. At this early stage in the proceedings, the Court cannot yet determine that Plaintiff is likely to succeed on the merits.

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Here, Plaintiff has submitted documentation showing that he was denied priority legal user library access to complete his application to proceed in forma pauperis, and was informed by the librarian that no legal research was needed and that she would assist him with making copies and would ducat him with general legal user status. The court finds this reasonable, and does not find that this shows any extraordinary circumstances. Based on the foregoing, the court does not find the required exceptional circumstances to begin a search for volunteer counsel in this case.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __April 18, 2018__

UNITED STATES MAGISTRATE JUDGE