# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| AZHAR LAL, | ) Case No.: 1:18-cv-00286-LJO-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTIONS TO DISMISS BE GRANTED |
| O. A. OGAN, et al., | ) |
| Defendants. | ) [ECF Nos. 24, 27] |

Plaintiff Azhar Lal is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Defendants' motions to dismiss, filed November 26, 2018 and December 3, 2018, respectively.

## I.

## BACKGROUND

This action is proceeding against Defendants O.A. Ogun, J. Akanno, R.M. Hutchinson, and J. Lewis for deliberate indifference to a serious medical need.

On November 26, 2018, Defendants Hutchison, Lewis and Ogun filed a motion to dismiss the action as barred by the statute of limitations.[1] (ECF No. 24.) On December 3, 2018, Defendant Akanno filed a motion to dismiss and joinder in the motion to dismiss filed by Defendants Hutchison, Lewis and Ogun. (ECF Nos. 27, 28.) Plaintiff filed an opposition on January 18, 2019, and Defendants filed a reply on January 25, 2019.

---

[1] Defendants Hutchison, Lewis and Ogun are represented by Deputy Attorney General Andrew Whisnand, and Defendant Akanno is represented by Susan Coleman, Esq.

1

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

**A.  Summary of Plaintiff's First Amended Complaint**

On or about February 7, 2012, while at California State Prison-Sacramento, Plaintiff suffered Sciatica Nerve Damage in the left side of his lower back, hip and leg. Plaintiff was given two shots for the pain and subsequently prescribed Methadone for the chronic pain. Within a month or two the dose of Methadone was increased to 30mg per day which consisted of 15mg to be taken twice a day in the morning and evening to manage his pain. Plaintiff received Methadone for almost two years without interruption.

On February 6, 2014, Plaintiff was transferred to KVSP and Dr. Ogun renewed all of the prescriptions but provided Methadone for only three days and then cancelled the Methadone prescription which was set to expire on April 23, 2014. Dr. Ogun also cancelled Plaintiff's Diabetic Nourishment prescription after prescribing insulin. Dr. Ogun never conducted a face to face interview or consulted with Plaintiff prior to changing the medications.

On February 27, 2014, Plaintiff submitted a healthcare grievance regarding the action by Defendant Ogun. Defendant Dr. Akanno reviewed the grievance and partially granted it at the first level, finding that Plaintiff was receiving a diabetic snack and methadone was not medically necessary.

On or about March 27, 2014, Plaintiff then submitted the grievance to the second level of review. Defendant Hutchinson partially granted the appeal on April 21, 2014, reiterating that Plaintiff was receiving a diabetic snack and was receiving pain medication for his sciatica.

In May 2014, Plaintiff submitted appealed to the third and final level of review. Plaintiff's appeal was denied at the third level of review on September 4, 2014. Although Deputy Director J. Lewis's name appeared at the bottom of the third level review decision, another staff member signed on behalf of Lewis.

### B. Request for Judicial Notice

Defendants request the Court take judicial notice of the following documents: (1) Abstract of Judgment; (2) California Correctional Health Care Services (CCHCS) Job Bulletin; (3) California Department of Human Resources webpage entitled, "Chief Executive Officer, Health Care (Safety) (8216)," as of October 30, 2018, available at http://www.calhr.ca.gov.state-hr-professionals/pages/8216.aspx; and (4) CCHCS job posting for the position, "C.E.A. (Deputy Director, Policy and Risk Management), as of October 30, 2018, available at http://jobs.ca.gov/Cal.HrPublic/Jobs/JobPostingPrint.aspx?jcid=96010. (Req. for Jud. Not., ("RJN") Exs. A-D; ECF No. 25.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready

determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). In addition, "[j]udicial notice may be taken of documents available on government websites." Jarvis v. JP Morgan Chase Bank, N.A., No. CV 10-4184-GHK, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010) (collecting cases).

Plaintiff's abstract of judgment is judicially noticeable. See United States v. Godinez-Alcaraz, 286 Fed. App'x 981, 982 (9th Cir. 2008). In addition, the job descriptions and postings provided by the California Department of Human Resources and CCHCS for the positions of "Chief Executive Officer" and "Deputy Director," are judicially noticeable. Accordingly, the Court takes judicial notice of the documents, presented as Exhibits A through D of Defendants' request for judicial notice. Harris, 682 F.3d at 1132.

### C. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d

at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")

In this case, Plaintiff is currently serving a life sentence without the possibility of parole. (RJN, Ex. A.) Thus, under California's personal injury statute of limitations, Plaintiff had two years to commence this action. Cal. Civ. Proc. Code § 352.1; Brooks, 1 Cal.App.5th at 6-7. Plaintiff is therefore not entitled to two years of additional tolling. Cal. Civ. Proc. Code § 352.1; Brooks, 1 Cal.App.5th at 6-7.

In his opposition, Plaintiff incorrectly contends that he is entitled to two years of tolling under Code of Civil Procedure section 352.1(a). However, the tolling provision of section 352.1 only applies to prisoners serving "a term less than for life." Cal. Code Civ. Proc. § 352.1(a); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) ("[T]hose sentenced to life without the possibility of parole should be excluded from the tolling provision."); Gonzalez v. Gardemal, 599 Fed. App'x. 292 (9th Cir. 2014) (inmate-plaintiff "not entitled to statutory tolling because he is incarcerated for a life term without the possibility of parole.") (citing Cal. Code Civ. Proc. § 352.1).

1. Defendant Ogun

Here, Plaintiff's claim against Defendant Ogun accrued on February 6, 2014—the date he claims Ogun declined to renew his methadone prescription and discontinued his diabetic snack. (First Am. Compl., ECF No. 17 at 4, ¶ 2.)

2. Defendant Hutchison

Plaintiff's claim against Defendant Hutchison accrued on April 25, 2014, the date that Defendant Hutchison's appeal response was mailed to Plaintiff.

///

### 3. Defendant Lewis

Plaintiff's claim against Defendant Lewis accrued on September 4, 2014, the date that the third level response was mailed to Plaintiff.

### 4. Defendant Akanno

Plaintiff's claim against Defendant Akanno accrued on March 24, 2014, the date Dr. Akanno responded to Plaintiff's grievance and prescribed pain medication that was not Methadone. There are no allegations concerning Dr. Akanno after March 24, 2014. (First Am. Compl., ECF No. 17 at 35.)

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

Here, Plaintiff was entitled to tolling from February 27, 2014 (date of filing grievance at first level of review) until September 4, 2014 (date grievance denied at third level of review),[2] and the statute of limitations did not start to run until September 4, 2014. Therefore, Plaintiff had until September 4, 2016, to file his lawsuit. Cal. Civ. Proc. Code § 335.1. However, Plaintiff did not file the instant action until February 22, 2018—nearly a year-and-half late. Thus, absent additional tolling, the instant action is barred by the statute of limitations.

California's equitable tolling doctrine applies in a section 1983 action venued in California. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed. Appx. 642, 643 (9th Cir.

---

[2] For simplicity, this calculation does not include the twenty-two days that the statute ran for Plaintiff's claims against Defendant Ogun, i.e., February 6, 2014 to February 27, 2014.

2010). Equitable tolling is available to suspend or extend the statute of limitations in order to ensure fundamental practicality and fairness. Jones, 393 F.3d at 928. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.2d at 916 (citation and internal quotation marks omitted). Thus, California's equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute." Lantzy v. Centex Homes, 31 Cal.4th 363, 371 (2003).

Here, Plaintiff pleads no facts and attaches no documents to his First Amended Complaint to plausibly suggest that he satisfies the elements for equitable tolling. First, there are no facts to infer that Plaintiff pursued an alternative remedy that gave notice of his claims to Defendants. Although Plaintiff filed an administrative grievance, he cannot invoke equitable tolling for such time "because the Ninth Circuit independently provides equitable tolling in prisoner cases for the time the inmate is exhausting his administrative remedies as required by the [PLRA]." Akhtar v. Mesa, No. 2:09-CV-2733-MCE-AC, 2014 WL 1922576, at *7 (E.D. Cal. May 14, 2014) (citing Brown, 422 F.3d at 942-43), report and recommendation adopted, 2014 WL 2895236 (E.D. Cal. June 25, 2014). Therefore, Plaintiff cannot "double count" the time spent exhausting the administrative remedies under California's equitable tolling doctrine. Second, because the subject incident took place over four-and-a-half years ago it is reasonable to infer that Defendants have been prejudiced by the passage of time. Cf. Blanas, 393 F.3d at 928 ("Fairness to the defendant requires that a case be brought when memories have not been affected by time, when all pertinent witnesses can still be called, and when physical evidence has not been destroyed or dispersed."). Although CCHCS investigated Plaintiff's claims by way of his healthcare grievance, that does not mean that Defendants were put on notice that they might later be sued for damages in federal court. Cf. Read v. Rydingsword, 110 F.3d 69 (9th Cir. 1997) (county officials' mere participation in an administrative action filed by the plaintiff against the county did not put them on notice that they might later be sued for damages). Lastly, affording Plaintiff the benefit of tolling during exhaustion of the administrative process, the instant action is still untimely by

nearly one-and-a-half years. Thus, Plaintiff has not shown good faith in prosecuting this action. Cf. Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988) (waiting a year-and-a-half to file a federal civil rights claim, after a state claim, was unreasonable and not in good faith); see also Baker v. German, No. 1:16-CV-01873-AWI-SAB-PC, 2018 WL 276762, at *5 (E.D. Cal. Jan. 3, 2018) (inmate whose action was at least eight months late did not act in good faith).

To the extent Plaintiff contends the medical failures of Defendants were a "continuing violation" and therefore extend the limitations period, such argument is without merit. The continuing violation doctrine is an equitable doctrine designed to prevent a defendant from using earlier illegal actions to avoid liability for later illegal conduct of the same nature. O'Loghlin v. County of Orange, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual … that … are related closely enough to constitutes a continuing violation." Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir. 1989). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation. Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981). Thus, the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).

Here, Plaintiff's inmate appeal was denied at the third of review on September 4, 2014, which was the final denial of his requests for a modification of his diet and medication. Therefore, the statute of limitations began to run on September 4, 2014. The mere fact that Plaintiff alleges to have continued to suffer pain after this date does not render the continuing violation doctrine applicable. Knox, 260 F.3d at 1013.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss the action be granted; and
2. The instant action be dismissed as barred by the statute of limitations.

///

///

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 4, 2019**

UNITED STATES MAGISTRATE JUDGE